IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| LEWIS FLETCHER | : | CIVIL ACTION | FILED |
| v. | : | | JAN 18 2011 |
| C.O.1 MS. DORIAN MOLINO, ET AL. | : | NO. 10-6807 | MICHAEL E. KUNZ, Clerk By_____ Dep. Clerk |

**MEMORANDUM**

JOYNER, J.                                                       JANUARY *10*, 2011

Plaintiff, a prisoner at SCI-Graterford, has filed a pro se 42 U.S.C. § 1983 civil rights complaint against three employees of SCI-Graterford, alleging that he was wrongly charged with possession of contraband (a cell phone), found guilty of institutional misconduct despite the fact that a cell search failed to uncover a cell phone, and assigned to punitive confinement. Plaintiff seeks monetary relief.

With his complaint, plaintiff requested leave to proceed in forma pauperis. Because it appears that he is unable to pay the cost of commencing this action, leave to proceed in forma pauperis is granted. However, this complaint will be dismissed as legally frivolous, for the reasons which follow.

I. **STANDARD OF REVIEW**

Section 1915(e)(2) of Title 28 of the United States Code provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal - (i) is frivolous or malicious; (ii) fails to

1

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## II.	DISCUSSION

Plaintiff's claim that he was falsely charged with institutional misconduct does not state a violation of his constitutional rights. See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986), cert. denied, 485 U.S. 982 (1988); Flanagan v. Shively, 783 F. Supp. 922, 931-32 (M.D. Pa.), aff'd, 980 F.2d 722 (3d Cir. 1992), cert. denied, 510 U.S. 829 (1993).

Likewise, plaintiff's claim that he was wrongly convicted of institutional misconduct and assigned to punitive confinement does not state a violation of his constitutional rights. The Supreme Court in Sandin v. Conner, 515 U.S. 472 (1995), held that, although state prison regulations may create protected liberty interests under the Due Process Clause,

> these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Id. at 483.

The fact that plaintiff was convicted of misconduct, with the resultant loss of privileges, does not suggest an "atypical and significant hardship" on plaintiff in relation to the "ordinary incidents of prison life." Sandin, 515 U.S. 472 at 484. Such action is the type of deprivation ordinarily

3

contemplated by a prison sentence when determined necessary by prison officials.

**III.	CONCLUSION**

Section 1915(e)(2) of Title 28 of the United States Code authorizes the Court to dismiss "at any time" a civil action brought by a prisoner <u>in</u> <u>forma</u> <u>pauperis</u>. Because plaintiff has failed to advance any actionable violation of his constitutional rights, this case must be, and is, dismissed as legally frivolous at this time.

An appropriate order follows.